## Benjamin Epstein, Defendant in Error, v. George B. Levee et al., Plaintiffs in Error.

### Gen. No. 15,659.

MUNICIPAL COURT—*when judgment not disturbed.* A judgment in an

Epstein v. Levee, 163 Ill. App. 76.

action for damages for assault and battery will not be set aside on review if the Appellate Court is of opinion that substantial justice as between the parties is expressed by the verdict and judgment.

Error to the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

McARDLE & McARDLE, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment in a fourth class action in the Municipal Court of Chicago for damages for an assault and battery brought by Ben. Epstein against George B. Levee and Ben Levee. Epstein was employed by the George B. Levee Co., a corporation, and was in charge of its candy business at the Great Northern Theatre, Chicago. The plaintiff, defendant in error, became involved in a dispute and controversy with the defendants, George B. Levee and Ben Levee, plaintiffs in error, in the office of the Company as to the accounts of the plaintiff with the George B. Levee Company, in which some strong language was used, and according to the testimony of the plaintiff Benjamin Levee struck him a severe blow in the eye from behind him. Thereupon the plaintiff turned to George B. Levee and said: "That is a low, dastardly trick for a man to do," and then George B. Levee hit him on the other side of his head, knocking him down, when both the defendants jumped upon the plaintiff and kicked him and beat him while he was lying on the floor. This is denied by the defendants' testimony. The defendants claim that the plaintiff struck the first blow. The plaintiff was seriously injured.

It is urged that the preponderance of the evidence is against the verdict and judgment; that prejudicial

remarks were made by the plaintiff's attorney to the jury; that the court ruled erroneously in the admission and exclusion of evidence; and that the court erred in its charge to the jury.

Upon a review of the evidence we find no clear ground for setting aside the verdict of the jury. The evidence is conflicting, and it was a question for the jury to decide whether the defendants assaulted the plaintiff or the plaintiff assaulted the defendants. The verdict is not so clearly against the weight of the evidence as to justify this court in setting aside the verdict and judgment. Upon the merits of the controversy we are of the opinion that substantial justice as between the parties is expressed by the verdict and judgment.

In our opinion no substantial error affecting the result of the trial was made by the court in its rulings on evidence, or in its charge to the jury. The judgment is affirmed.

*Affirmed.*